IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT ALLEN CUSTARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-1195-PRW |
| | ) |
| JIM FARRIS, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This case comes before the Court on Respondent's Motion to Dismiss (Dkt. 9), Magistrate Judge Amanda Maxfield Green's Report & Recommendation (Dkt. 12), recommending dismissal of Petitioner's 28 U.S.C. § 2254 Petition, and Petitioner Robert Allen Custard's Objections to the Report & Recommendation (Dkt. 13).

In 1993, Petitioner Custard was convicted in Oklahoma state court of knowingly concealing stolen property after having been previously convicted of two or more felonies. For his crime, Custard received a sentence of thirty years' imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed his conviction on January 18, 1996. Some twenty-five years later, Custard filed this § 2254 Petition for habeas relief, arguing that the state lacked jurisdiction to prosecute him in 1993 in light of the Supreme Court's 2020 decision in *McGirt v. Oklahoma*.[1] *McGirt* held that land once reserved for the Creek

---

[1] 140 S. Ct. 2452 (2020).

1

Nation in what now lies within the geographic boundaries of the State of Oklahoma remains "Indian country" under the Major Crimes Act. That meant "[o]nly the federal government, not the State, may prosecute Indians for major crimes committed in Indian country."[2] In response, Respondent filed a Motion to Dismiss (Dkt. 9), arguing that the Petition was not timely filed under the time limits established by the Antiterrorism and Effective Death Penalty Act (AEDPA).[3]

AEDPA established a one-year period during which an inmate in state custody can file a federal habeas petition challenging a state conviction.[4] When that one-year period starts is not as straightforward as it initially sounds. AEDPA provides four alternative start dates for the limitations period.[5] And even if a petition is not filed within that period, the petition is subject to equitable tolling in some circumstances.[6] After carefully analyzing each of these statutory provisions and considering equitable tolling, Magistrate Judge Green concluded that Custard's petition was untimely. Custard timely filed objections to the Report & Recommendation.

Upon *de novo* review, the Court agrees with Magistrate Judge Green's Report & Recommendation and the conclusions therein. As Magistrate Judge Green correctly

---

[2] *Id.* at 2478. *See Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2491 (2022) (clarifying that the State still retains "jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country").

[3] Pub. L. No. 104–132, 110 Stat. 1214 (1996).

[4] *See* 28 U.S.C. § 2244(d)(1).

[5] *See* § 2244(d)(1)(A)–(D). AEDPA also provides a tolling provision for properly filed state post-conviction actions. *See* § 2244(d)(2).

[6] *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

concluded, Custard's Petition is untimely under § 2244(d)(1)(A). And none of the various statutory, equitable, or constitutional bases for extending Custard's AEDPA period apply in this case.[7] Custard's objections do little to dispute many of Magistrate Judge Green's conclusions. He does, however, provide three reasons why his Petition should go forward despite its untimeliness under § 2244(d)(1)(A). None of his arguments are convincing.

First, Custard argues that Magistrate Judge Green erred by refusing to calculate a later AEDPA period start date pursuant to section 2244(d)(1)(D). That provision "provides that a federal habeas petition may be filed within one year of 'the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence.'"[8] Custard argues that the factual predicate of his claim could not have been discovered until after *McGirt* was decided.

But section 2244(d)(1)(D) does not apply to Custard's claims. Under section 2244(d)(1)(D), "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim," not the date on which he "understand[s] the legal significance of those facts."[9] Magistrate Judge Green correctly concluded that that the alleged factual bases of Petitioner's claim are that there was a strong likelihood that he was "of significant American Indian bloodline" and that the crime occurred within tribal

---

[7] This Court previously addressed at length a nearly identical set of *McGirt*-related issues in a similar § 2254 case. *See Harcourt v. Dennis*, 2022 WL 2665957 (W.D. Okla. July 11, 2022).

[8] *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (quoting § 2244(d)(1)(d)).

[9] *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011).

jurisdiction.[10] But Custard knew (or could have reasonably discovered) these facts at the time he was convicted. *McGirt* certainly did not alert Custard to these facts. All *McGirt* did was alert Custard to "the legal significance of those facts."[11] Therefore, Magistrate Judge Green correctly concluded that section 2244(d)(1)(D) does not render Custard's petition timely.

Second, Custard argues that regardless of section 2244(d)'s limitations, subject-matter jurisdiction issues can never be waived and can be challenged at any time. But "[a]s with any other habeas claim," section 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness."[12] Thus, that Custard's Petition raises issues of subject matter jurisdiction does not prevent the application of section 2244(d)'s timeliness limitations.

Finally, Custard appears to suggest that his pursuance of an actual innocence claim provides a path around the AEDPA limitations period. But while it's true that a credible showing of actual innocence can provide a basis for avoiding AEDPA's limitations, Custard has failed to put forward any new reliable evidence to support a claim of actual innocence—a prerequisite for using an actual innocence claim to avoid AEDPA's limitations period.[13]

---

[10] R. & R. (Dkt. 12), at 10. *See Harcourt*, 2022 WL 2665957, at *5.

[11] *Klein*, 437 F. App'x at 684. *See Harcourt*, 2022 WL 2665957, at *5.

[12] *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (rejecting a habeas petitioner's argument that "subject matter jurisdiction can never be waived and therefore he can never be barred from raising the issue"). *See Harcourt*, 2022 WL 2665957, at *6.

[13] *See Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

Accordingly, the Court hereby **ADOPTS** the Report & Recommendation (Dkt.12) in full, **GRANTS** Respondent's Motion to Dismiss (Dkt. 9), and **DISMISSES** the Petition (Dkt. 1) with prejudice.[14]

**IT IS SO ORDERED** this 3rd day of February 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability (COA). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.